f,Gs,EEN, J.
delivered the opinion of the court.
The plaintiff in error was indicted in the Circuit Court of Lawrence county for selling spirituous liquors without license.
The fact of. selling, as charged in the indictment, was proved. The defendant then proved by Benjamin Morrow, that the defendant was a negro, and was a slave of the witness, — having been perchased from Nathan McClendon and George W. Franks, for the price of two hundred dollars; — that after said purchase, and about twelve months before the trial, witness had said to defendant ■that he might go and be free, and from'that time he had been acting as a freeman; but witness had executed no writing securing to the defendant his freedom, nor had he made any application to the County Court for that •purpose.
The court charged the jury, in substance, that if the master of the defendant, had verbally consented that he should be free, — such consent conferred such qualified right,to freedom, as would make him answerable for his misdemeanors by indictment; that no writing from his master, conferring freedom, or application to the tribunals of the State, for emancipation, were required in order to render him liable for a misdemeanor, by indictment. The jury found the defendant guilty, and he appealed to this court.
*311 ■The only question here is, whether upon this proof, the plaintiff in error is indictable for a misdemeanor, as a freeman. And we think he is not. It is true, as his Honor told the jury, this negro has an incomplete right to his freedom, so that his master could not re-assert his dominion over him, so as to make him a slave; and if the master refuse to apply to the County Court for his emancipation, — any other person might petition in his behalf, but until this is done, and he is emancipated according to the forms of the law, he does not become a free member of society, so as to be proceeded against as a freeman.
The master, by failing to petition the County Court, and give bond according to law, remains liable to all the penalties of the law, as though he had never consented to his freedom. In view of the law, the negro is not a freeman, until the State, through the proper tribunal, consents to his freedom. Until that is done, the master may be indicted for permitting him to act as a freeman, and is liable to all the other consequences that would have existed, if he had not consented to the defendant’s freedom.
The master cannot, by parting with his right to the slave, elude these responsibilities, and turn the slave loose upon society, without those guaranties the laws demand in such cases.
For all the acts punishable by law, a person situated as this negro is, must be proceeded against as a slave, and punishable as such. Reverse the judgment and remand the case.